

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Lynn DeFino<br>Principal Financial Group (Main - Transaction Only)<br>711 High Street<br>Des Moines, IA 50392 |

| | |
|---|---|
| **Entity:** | Principal Life Insurance Company<br>Entity ID Number 2345928 |
| **Entity Served:** | Principal Life Insurance Company |
| **Title of Action:** | Gene E. Bolles, M.D. vs. Principal Life Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Denver County District Court, Colorado |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Colorado |
| **Date Served on CSC:** | 05/02/2017 |
| **Answer or Appearance Due:** | Reference Document |
| **Originally Served On:** | CO Commissioner of Insurance on 04/25/2017 |
| **How Served:** | Regular Mail |
| Sender Information: | Ralph Ogden<br>303-263-7811 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



**COLORADO**

**Department of
Regulatory Agencies**

Division of Insurance

Marguerite Salazar
Commissioner of Insurance

April 26, 2017

Principal Life Insurance Company
711 High St
Des Moines IA 50392

Attention: Secretary Officer of Company

**Re: Gene E.Bolles, M.D. v. , Principal Life Insurance Company**

As provided by § 10-3-107, Colorado Revised Statutes, on April 25, 2017 service was made upon the Commissioner of Insurance as your registered agent for the above referenced matter.

Enclosed is your copy of the documents which were served in the above entitled cause of action.

Sincerely,
Marguerite Salazar
Commissioner of Insurance
By:

Christine Gonzales-Ferrer
Compliance Assistant

Enc.

cc:
Corporation Service Company
1560 Broadway, Suite 2090
Denver CO 80202

| District Court, _____ Denver _____ County, Colorado<br>Court Address: City and County Building, 1437 Bannock Street,<br>Denver, Colorado 80202 | |
|---|---|
| Plaintiff    Gene E. Bolles, M.D. | |
| v.<br><br>Defendant   Principal Life Insurance Company | ▲  COURT USE ONLY  ▲ |
| | Case Number: |
| | Division:        Courtroom: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:** Principal Life Insurance Company

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: April 27, 2017 _____

_____
Clerk of Court/Clerk

~~Signature of Plaintiff~~ 's Attorney

_____
Address of Plaintiff

See complaint for address of plaintiff's attorney

303-263-7811

~~Plaintiff's Phone Number~~ Plaintiff's Attorney

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO | |
|---|---|
| City and County Building, 1437 Bannock Street, Denver, Colorado 80202 | |
| Plaintiff: Gene E. Bolles, M.D. | |
| vs. | Δ    COURT USE ONLY    Δ |
| Defendant: Principal Life Insurance Company | Case No.: |
| Ralph Ogden, #13623<br>M. Anne Wilcox, # 13604<br>WILCOX & OGDEN, P.C.<br>160 Lafayette Street<br>Denver, Colorado   80218<br>Phone No.:   303-263-7811<br>E-mail: irishcorky@aol.com | |
| Attorneys for the Plaintiff | |
| **COMPLAINT** | |

Plaintiff complains against the defendant as follows:

1.This is a complaint for declaratory relief pursuant to the Colorado Uniform Declaratory Judgments Act, C.R.S. sections 13-51-101 et seq. and C.R.C.P. 57. Plaintiff seeks a judicial declaration that under Principal's long term disability policy, he is entitled to benefits for a period of two years.

2.Plaintiff is a neurosurgeon who is employed by the Denver Health and

Hospital Authority.

3. Plaintiff became disabled as of November 21, 2016, when he became physically unable to perform the duties of his job as a neurosurgeon.

4. At the time of his disability, The Denver Health and Hospital Authority had in place policy number 1056182 with the Principal Life Insurance Company. This policy provided the plaintiff with short and long term disability benefits. Plaintiff was approved for short term disability benefits, which terminate on May 20, 2016.

5. On March 24, 2017, Principal sent plaintiff a letter in which it approved his application for long term disability benefits. (Exhibit A, attached hereto) In that letter it stated that the plaintiff's benefits would terminate one year after they began on May 20, 2017.

6. Plaintiff challenged this one year limitation in an e-mail appeal to the adjuster, who promptly rejected the plaintiff's claim that under the "own occupation" provisions of the policy, he was entitled to long term disability benefits for a period of two years. The adjuster did not mention the "own occupation" language in his April 3, 2017, letter of rejection. (Exhibit B)

7. In the "Group Booklet-Certificate for Members of Denver Health and Hospital Authority," dated January 1, 2016, page 3 is entitled "Long Term

Disability Insurance Summary." Under the "own occupation period" it states that benefits will be paid for "two year(s)". Relevant pages of this booklet are attached as Exhibit C.

8.Page 33 of the Booklet defines "own occupation" as "The occupation you are routinely performing when Disability begins. Own occupation does not mean the specific tasks or job you are performing for the Policyholder or at a specific location."

9.Plaintiff's "own occupation" is that of a neurosurgeon. Because he cannot perform the essential tasks of that occupation, his disability is covered under the "own occupation" provisions of defendant's policy.

10.At the top of page 34 appear the words "Own Occupation Period". Underneath, it states that, "The first two year(s) of the Benefit Payment Period."

11.Thus, under two provisions of the policy, a person such as the plaintiff who is disabled and unable to perform the essential duties of his "own occupation" is entitled to benefits for two years.

12.Defendant maintains that because plaintiff is over the age of 72, he is only entitled to benefits for one year. However, the two year period specified for a person disabled from his "own occupation" contains no reference to any one year limit because of age, and does not qualify the right to two years of benefits by

stating that if the beneficiary is over the age of 72, he is only entitled to benefits for one year.

13. Even if the policy contains conflicting terms and is therefore ambiguous, the ambiguity must be construed against the Principal and in favor of coverage for the plaintiff.

WHEREFORE, plaintiff demands judgment against the defendant, a judicial declaration that he is entitled to long term disability benefits for a period of two years commencing on May 20, 2017, costs of this action, and all other just and proper relief in the premises.

Respectfully submitted,

WILCOX & OGDEN, P.C.

*Duly signed original on file at the offices of*

*WILCOX & OGDEN, P.C.*

/s/ Ralph Ogden

Ralph Ogden, #13623

Exhibit A. Principal's Letter Approving Plaintiff's Claim for Benefits



**Principal**
*Financial Group*

March 24, 2017

000031
GENE BOLLES
C/O RALPH OGDEN
160 LAFAYETTE ST
DENVER CO 80218

Claim Number:     5816788

Si necesita asistencia, llame al 1-800-243-1404.

Dear Dr. Bolles,

We are pleased to let you know your Long Term Disability (LTD) benefits have been approved as of 5/20/17.

**What you need to know about your LTD benefits**

You are eligible to receive the maximum benefit allowed by your policy of $15,000 per month.

**When will I receive my benefit?**

Your benefits are paid on the 10th of each month.  You have the option to have your check mailed to you or directly deposited into your bank account.

If you choose to have your checks deposited, please complete and return the attached Electronic Funds Transfer (EFT) for.

**Are my benefits taxable?**

Since your employer paid for your Long Term Disability policy, your monthly benefit will be considered 100% taxable income.  If you wish to withhold Federal or State taxes, contact us at the number listed below.

**How long will I receive benefits?**

Since you were over the age of 72 when you ceased work the Long Term Disability



policy limits the maximum duration of benefits to 12 months.

Electronic Payment Option

We offer Electronic Funds Transfer (EFT) of approved benefits directly to your bank account. The funds will be deposited on your normal payment date. This service provides you with a quick, safe and reliable way to receive benefits. If you are interested in using this service, please complete the enclosed Authorization Agreement for EFT and return it to our office in the enclosed envelop. If we are unable to set up an EFT with your bank, we will notify you immediately. If you do not choose EFT, your checks will be mailed on or around the tenth of each month.

Where can I find out more information about my benefits?

You can find more information about your benefits from the comfort of your own home. Our website is located at http://www.principal.com. From here:

- Click on the Login button
- Enter your Username
- Enter Password

From here, you can view your Explanation of Benefits every time we issue you a payment.

If you have questions about our site, or would like to request a password so you can access our secured site, please call 1-800-986-3343.

Next Steps

While you are unable to work, we will

- Request your medical information from your doctor
- Reach out to you for periodic updates on how your recovery is going

We may also ask you to:
- Report for an examination by a specialist (paid for by us) or
- Speak with a representative from our company

We do this to ensure you continue to qualify for ongoing benefits. If you continue to qualify, the final possible payment date of your claim is 5/19/18.





Incident: 5816788

If you have any questions, please contact me at the toll-free number and extension listed below. Be sure to have your claim number available so I can pull up your information.

Please note that capitalized phrases in this letter are defined under your Group Policy.

Sincerely

Lonny Balmer
Claim Analyst
Principal Life Insurance Company
Group Life and Disability Claims
711 High Street
750-8A24
Des Moines IA 50392-2180
Toll Free: 1-800-245-1522, Ext. 20227
Fax: 1-800-255-6609





Incident: 5816788

Policy Provisions

The provisions included with this letter do not constitute your entire Long Term Disability policy or benefit booklet. Please refer to the Benefit Booklet provided by the Group Policyholder to see all of the provisions which may impact your claim.

PART I – DEFINITIONS

Disability; Disabled

A Member will be considered Disabled if, solely and directly because of sickness, injury, or pregnancy:

During the Elimination Period and the Own Occupation Period, one of the following applies:

a.  The Member cannot perform the majority of the Substantial and Material Duties of his or her Own Occupation.

b.  The Member is performing the duties of his or her Own Occupation on a Modified Basis or any occupation and is unable to earn more than 80% of his or her Indexed Predisability Earnings.

After completing the Elimination Period and the Own Occupation Period, one of the following applies:

a.  The Member cannot perform the majority of the Substantial and Material Duties of any occupation for which he or she is or may reasonably become qualified based on education, training, or experience.

b.  The Member is performing the Substantial and Material Duties of his or her Own Occupation or any occupation on a Modified Basis and is unable to earn more than 60% of his or her Indexed Predisability Earnings.

The loss of a professional or occupational license or certification does not, in itself, constitute a Disability.

Own Occupation

The occupation the Member is routinely performing when Disability begins. Own Occupation does not mean the specific tasks or job the Member is performing for the Policyholder or at a specific location.

PART IV – BENEFITS





Incident: 5816788

Section A

Article 1 - Benefit Qualification

A Member will qualify for Disability benefits if all of the following apply:

a.  The Member is Disabled under the terms of this Group Policy.
b.  The Disability begins while he or she is insured under this Group Policy.
c.  The Disability is not subject to any Limitations listed in this PART IV, Section O.
d.  An Elimination Period of 180 days is completed.
e.  A Benefit Payment Period is established.
f.  The Member is under the Regular and Appropriate Care of a Physician.
g.  The claim requirements listed in this PART IV, Section Q are satisfied.

A Benefit Payment Period will be established on the latest of:

a.  the date the Member completes an Elimination Period; or
b.  the date six months before The Principal receives Written proof of the Member's Disability.

Section M

Benefit Payment Period and Recurring Disability

Article 1 - Benefit Payment Period

Benefits are payable:

a.  if Disability begins before age 65, until the later of the date 36 months after the Benefit Payment Period begins, or the date the Member attains Social Security Normal Retirement Age; or

b.  if Disability begins at or after age 65, until the later of the date of Social Security Normal Retirement Age, or the date of completion of the number of months shown below after the Benefit Payment Period begins.

| Member's Age on the Date Disability Begins | Months of the Benefit Payment Period (Beginning with the date the Benefit Payment Period begins) |
|---|---|





Incident: 5816788

| | |
|---|---|
| 65-67 | 24 |
| 68-69 | 18 |
| 70-71 | 15 |
| 72 and over | 12 |

However, in no event, will benefits continue beyond:

a. the date of the Member's death; or
b. the date Disability ends, unless a Recurring Disability exists as explained in this section; or
c. the date the Member fails to provide any required proof of Disability; or
d. the date the Member fails to submit to any required medical examination or evaluation as provided in this PART IV, Section Q, Article 13; or
e. the date the Member fails to report any required Current Earnings information; or
f. the date the Member fails to report income from Other Income Sources; or
g. the date ten days after receipt of notice from The Principal if the Member fails to pursue Social Security Benefits or benefits under a Workers' Compensation Act or similar law as outlined in this PART IV, Section Q, Article(s) 8 and 9; or
h. if Disability results from alcohol, drug or chemical abuse, dependency, or addiction, or a Mental Health Condition, the date 24 months after the Benefit Payment Period begins; or
i. the date the Member ceases to be under the Regular and Appropriate Care of a Physician; or
j. The date the Member refuses to participate in or does not comply with a Rehabilitation Plan.

Section Q

Claim Procedures

Article 3 - Proof of Disability

Written proof that Disability exists and has been continuous must be sent to The Principal within six months after the date a Member completes an Elimination Period. Proof required includes the date, nature, and extent of loss. Further proof that Disability has not ended must be sent when requested by The Principal. The Principal may request additional information to substantiate loss or require a Signed unaltered authorization to obtain that information from the provider. The Principal reserves the right to determine when these conditions are met. Failure to comply with the request of The Principal could result in declination of the claim. For purposes of satisfying the claims processing timing requirements of the Employee Retirement Income Security Act (ERISA), receipt of claim will





Page 7

be considered to be met when the Elimination Period has been completed and the appropriate claim form is received by The Principal.





Incident: 5816788

Exhibit B.   Relevant Portions of Principal's Policy



1056182
01/01/2016

**BOOKLET PROOF 12.08.2015**

GROUP BOOKLET-CERTIFICATE FOR MEMBERS OF

# DENVER HEALTH AND HOSPITAL AUTHORITY

## ALL MEMBERS ELECTING THE CORE PLAN
Group Long Term Disability Insurance

**Print Date: 12/10/2015**

# LONG TERM DISABILITY INSURANCE SUMMARY

| | |
|---|---|
| Minimum Hours Requirement | Employees must be working at least 20 hours a week |
| Who Pays for Coverage | You are not required to pay a part of the premium for insurance under the Group Policy. |
| Elimination Period | 180 days |
| Own Occupation Period | two year(s) |
| Primary Monthly Benefit | 60% of your Predisability Earnings. |
| Maximum Monthly Benefit | $15,000 |
| Minimum Monthly Benefit | $100 |

| Maximum Benefit Payment Period | Member's Age on The Date Disability Begins | Months of the Benefit Payment Period |
|---|---|---|
| | Before age 65 | greater of 36 Months or to Social Security Normal Retirement Age |
| | 65-67 | 24 months |
| | 68-69 | 18 months |
| | 70-71 | 15 months |
| | 72 and over | 12 months |

| Rehabilitation Services and Benefits | |
|---|---|
| Rehabilitation Services | Included |
| Predisability Intervention Services | Included |

| Other Coverage Features | |
|---|---|
| Work Incentive Benefit | 24 months |
| Survivor Benefit | three times Primary Monthly Benefit |
| Activities of Daily Living Benefit | 20% |
| Accidental Disability Benefit | Included |

**NOTE:**

No premiums are required during a Long Term Disability Benefit Payment Period.

Benefits may be reduced by other sources of income and disability earnings.

Some disabilities may not be covered or may be limited under this insurance.

This summary provides only highlights of the Group Policy. The entire Group Policy determines all rights, benefits, exclusions and limitations of the insurance described above.

e.  all payments for the month that you receive (or would have received if complete and timely application had been made) under a policy that provides benefits for loss of time from work, if the Policyholder pays a part of the cost or makes payroll deductions for that coverage; and

f.  all payments for the month that you receive or are eligible to receive under another group disability insurance policy; and

g.  all payments for the month that you receive under any state disability plan; and

h.  all sick pay, salary continuance payments, or severance pay, for the month that you receive from the Policyholder; and

i.  all retirement payments attributable to employer contributions and all disability payments attributable to employer contributions for the month that you receive under a pension plan sponsored by the Policyholder. A pension plan is a defined benefit plan or defined contribution plan providing disability or retirement benefits for employees. A pension plan does not include a profit sharing plan, a thrift savings plan, a non-qualified deferred compensation plan, a plan under Internal Revenue Code Section 401(k) or 457, an Individual Retirement Account (IRA), a Tax Deferred Sheltered Annuity (TSA) under Internal Revenue Code Section 403(b), a stock ownership plan, or a Keogh (HR-10) plan with respect to partners; and

j.  all payments for the month that you receive for loss of income under no-fault auto laws. Supplemental disability benefits purchased under a no-fault law will not be counted; and

k.  all renewal commissions for the month that you receive from the Policyholder; and

l.  all payments for the month that you receive under state unemployment laws.

**NOTE:**

If any sick pay, salary continuance payments, severance pay, or loss of time from work payments specified above are attributable to individual disability insurance policies, the payments will not be considered an Other Income Source.

Any retirement payments you receive under the Federal Social Security Act or a pension plan which you had been receiving in addition to your Monthly Earnings prior to a claim for Disability, will not be considered an Other Income Source.

Military or Veterans Administration disability or retirement payments will not be considered an Other Income Source.

After the initial deduction for each of the Other Income Sources, benefits will not be further reduced due to any cost of living increases payable under the above stated sources.

Withdrawal of pension plan benefits by you for the purpose of placing the benefits in a subsequent pension plan or a deferred compensation plan will not be considered an Other Income Source unless you withdraw pension benefits from the subsequent pension plan or defined compensation plan due to disability or retirement.

Any income you receive for services rendered prior to your date of Disability will not be considered Other Income Sources.

**Own Occupation**

The occupation you are routinely performing when Disability begins. Own Occupation does not mean the specific tasks or job you are performing for the Policyholder or at a specific location.

**Own Occupation Period**

The first two year(s) of the Benefit Payment Period.

**Physician**

a.  A licensed Doctor of Medicine (M.D.) or Osteopathy (D.O.); or

b.  any other licensed health care practitioner that state law requires be recognized as a Physician under the Group Policy.

The term Physician does not include you, one of your employees, your business or professional partner or associate, any person who has a financial affiliation or business interest with you, anyone related to you by blood or marriage, or anyone living in your household.

**Policyholder**

DENVER HEALTH AND HOSPITAL AUTHORITY.

**Predisability Earnings**

Your Monthly Earnings in effect prior to the date Disability begins.

**Primary Monthly Benefit**

60% of your Predisability Earnings. The Primary Monthly Benefit will not exceed the Maximum Monthly Benefit of $15,000.

**Proof of Good Health**

Written evidence that a person is insurable under Our underwriting standards. This proof must be provided in a form satisfactory to Us.

**Regular and Appropriate Care**

You will be considered to be receiving Regular and Appropriate Care if you:

a.  are evaluated in person by a Physician; and

b.  receive treatment appropriate for the condition causing the Disability; and

c.  undergo evaluations and treatment that is provided by a Physician whose specialty is appropriate for the condition causing the Disability; and

d.  undergo evaluations and treatment at a frequency intended to return you to full-time work; and

e.  pursue reasonable treatment options or recommendations to achieve maximum medical improvement.

We may require you to have your Physician provide Us with a Written evaluation and treatment plan for the condition causing the Disability, which meets Generally Accepted medical standards and is satisfactory to Us.

Exhibit C.   Principal's Letter Rejecting Dr. Bolles' Appeal



April 3, 2017

000026
RALPH OGDEN
160 LAFAYETTE ST
DENVER CO 80218

| | |
|---|---|
| Claimant: | Gene Bolles |
| Policyholder: | Denver Health |
| Incident #: | 5816788 |

Dear Mr. Ogden,

We have completed our review of Gene Bolles claim for Long Term Disability Benefits under the group policy issued by Principal Life Insurance Company (Principal Life) to Denver Health. We have determined that he is no longer eligible for these benefits. Following is a summary of how we arrived at our decision.

## WHY WE ARE UNABLE TO PROVIDE BENEFITS

Dr. Bolles became unable to work at the age of 79. According to the policy, he is eligible to receive a maximum of 12 months of benefits. His benefits started 5/20/17. Based on his age at the time he became disabled, he will no longer be eligible for benefits beyond 12 months of Long Term Disability benefits.

## INFORMATION CONSIDERED

- Claim form received 2/27/17.

## SUMMARY

According to the information provided Dr. Bolles ceased work as a Neurosurgeon on 11/21/16. His date of birth is 2/27/37, making him 79 years old when he ceased work. The Long Term Disability policy issued to Denver Health allows a maximum of 12 months of benefits to employees who are 72 years of age or older when they cease work as long as they continue to meet the definition of Disability. Dr. Bolles' benefits began on 5/20/17, and 12 months of benefits would end on 5/19/18. As a result, Dr. Bolles will no longer be eligible for benefits beyond 5/19/18.

## RECONSIDERATION

If you disagree with this determination, in whole or in part, you have the right to request an



appeal of the decision reached on the claim. The request for review should be made in writing and should include why the decision should be changed, and include all pertinent information or evidence that will substantiate Dr. Bolles' claim. This information should include the following:

- Written request from you to reconsider the decision on the claim.
- Documentation to show Dr. Bolles date of birth is other than 2/24/37.

In order for us to review the claim, we will need to be provided with this documentation within 180 days of your receipt of denial. Ordinarily you will receive notification of our appeal decision within 45 days of receipt of your request. If circumstances require an extension of time, you will be notified of such extension during the 45 days following receipt of your request. We will close our handling of the file if we do not receive a request to appeal within the 180-day period.

Please be aware that any reversal of this decision does not negate any other policy provisions that may apply to the claim for benefits.

In the event the claim is subject to the Employee Retirement Income Security Act of 1974 (ERISA), you have the right to bring a civil action under section 502(a) of ERISA after the appeal determination is finalized. Your failure to request a review within 180 days of your receipt of this letter may constitute a failure to exhaust the administrative remedies available under ERISA, and affect your ability to bring a civil action under ERISA. In addition, the policy provides that no legal action may be started earlier than 90 days after proof of loss is filed, or later than three (3) years after proof of loss is required to be filed.

Nothing in this letter should be construed as a waiver of any of Principal's rights and defenses under the above group policy, and all such rights and defenses are reserved to Principal, whether or not specifically mentioned herein.

You are entitled to receive, upon request and free of charge, reasonable access to and copies of documents, records and other information relevant to the claim for benefits.

## QUESTIONS

If you should have any questions or concerns as to why we are unable to provide benefits, the relevant policy provisions, information we considered, or the information necessary to reconsider our decision, please contact me at the toll free number and extension listed below. When contacting our office for information or questions related to the claim, please have the Incident Number available for identification purposes.

Si necesita asistencia, llame al 1-800-243-1404.





Incident: 5816788

Sincerely

Lonny Balmer
Claim Analyst
Principal Life Insurance Company
Group Life and Disability Claims
711 High Street
750-8A24
Des Moines IA 50392-2180
Toll Free: 1-800-245-1522, Ext. 20227
Fax: 1-800-255-6609



**Principal**
*Financial Group*
Incident: 5816788

800 802 80202 **OV-101**

PRSRT FIRST-CLASS MAIL
U.S. POSTAGE PAID
Denver, CO
PERMIT# 738

5011170428-092826875

7

80202



# COLORADO

**Department of
Regulatory Agencies**

Division of Insurance

*cgf*

1560 Broadway, Suite 850, Denver, CO 80202
M360700260

CORPORATION SERVICE COMPANY
1560 BROADWAY, SUITE 2090
DENVER CO  80202